## HARRIS v. AKTIEBOLAGET SEPARATOR.

*(Supreme Court, General Term, First Department.* January 28, 1889.)

ATTORNEY AND CLIENT—ACTION FOR FEES—REFERENCE—DISCRETION OF COURT.

    A refusal of the trial court to order a reference in an action for attorney's fees, where defendant pleads payment, and sets up a counter-claim, is a matter of discretion, and will not be disturbed on appeal, though the trial may involve an examination of a long account.

Appeal from special term, New York county.

Action by Richard D. Harris against Aktiebolaget Separator, a foreign corporation, existing under the laws of Sweden. Plaintiff appeals from an order denying a motion for a reference.

Argued before VAN BRUNT, P. J., and DANIELS and BARTLETT, JJ.

*Nelson S. Spencer* and *Stickney & Shepard,* for appellant. *Frank J. Dupignac,* for respondent.

BARTLETT, J. This is an action by an attorney to recover $12,819.29, for legal services performed and disbursements made in the course of his employment by the defendant corporation. The defendant pleads a denial of the rendition of any services except such as have been paid for, and interposes a counter-claim for $2,400. The plaintiff moved for an order of reference on the ground that the trial of the action would necessarily involve the examination of a long account. The motion was opposed, and it was denied by the special term on the authority of *Martin* v. *Hotel Co.,* 10 Hun, 304. The action of the court below does not of necessity involve the proposition that a suit involving the value of an attorney's services should never be referred. If it did, the decision would be erroneous. The memorandum of the learned judge at special term, however, amounts to this:--that in his opinion the motion was so nearly like that in the case of *Martin* v. *Hotel Co.,* in all essential features, as to make it proper to dispose of it in the same manner. But there were reasons which led to the denial of the motion in the *Martin Case* other than the disinclination of the court to compel the reference of the claim of an attorney. "The issues," said DAVIS, P. J., "ought not to be long in the trial, and the account is not complicated or embarrassing." The same view may well be taken of the issues and account here. But even where the examination of a long account is necessarily involved in the trial of an action, no absolute right exists to have the issues referred. If, upon the consideration of all the facts presented in the motion, the court is of the opinion that the ends of justice will best be promoted in that particular action by a jury trial, rather than by a reference, it may properly refuse to refer the case, no matter how long an account will have to be examined. The denial of the motion below can be sustained on this ground, and the order appealed from should therefore be affirmed, with costs. All concur.